PER CURIAM.
The wife appeals from the final judgment of dissoulution. We reverse the awards of rehabilitative alimony and child support as being unreasonable, and remand with direction to conduct a further eviden-tiary hearing and to admit, if competent, such evidence discovered by the wife after final hearing as to the husband’s financial condition.
The husband is a local golf professional who earns a set salary from his employer and also derives income from giving lessons, collecting range fees, and operating his own pro shop. Because of his failure to comply with pretrial discovery, his pleadings were stricken and his actual income was found by the trial court to be substantially higher than he contended.
Notwithstanding the trial court’s determination of the actual higher income, it made no award of any equitable distribution in the husband’s business — a marital asset — and erroneously equated the husband’s equity in the profitable business with his interest in the marital home, although the former was worth more. The foregoing, coupled with the low awards for rehabilitative alimony and child support, have combined to produce an unreasonable, inequitable result, which must be corrected upon remand.
HERSEY, C.J., and DOWNEY and GLICKSTEIN, JJ., concur.